THE STATE OF NEW JERSEY, PLAINTIFF, v.
STEPHEN LABIANCA, DEFENDANT.

Superior Court of New Jersey
Law Division (Criminal)

Decided January 26, 1978.

*Mr. Alexander D. Lehrer* for defendant (*Messrs. Anschelewilz, Barr, Ansell & Bonello,* attorneys).

*Mr. Martin J. McGreevy* for the State (*Mr. Clinton E. Cronin,* Acting Prosecutor of Monmouth County, attorney).

SHEBELL, J. C. C. Defendant seeks to suppress evidence seized from his motor vehicle as a result of an alleged inventory search. The van in which defendant was a passenger was involved in a one-vehicle collision on an icy road at about 8 p.m. in an area known as Old Marlboro Village in Marlboro Township. Three police officers responded to the accident. The van appeared inoperable and an officer, without consulting the vehicle's owner or operator, who were both present and uninjured at the scene, called for a tow truck from a towing service seven miles away. Two of the police officers, not professing any reason to arrest anyone in connection with the accident, nonetheless undertook what they term an inventory search of the van. The officer who initiated the search testified that there was an AM-FM television in the front of the van and he was concerned that the contents of the van would be in danger when the vehicle was removed. He stated that his police department's policy required such an inventory. The search appeared to be the first order of police business having been begun well

before the tow truck arrived at the scene. The officer indicated that he felt the vehicle had to be towed from the scene because of "confusion in the area" since a fire department meeting was just breaking up and many people were in the area. It is noteworthy, however, that while the two police officers were conducting their search, the third officer at the scene was in his vehicle and no officer was dealing with the alleged confusing scene. Both officers who testified conceded that a person normally is given an opportunity following an accident to make his own arrangements to safeguard the valuables within his vehicle, and that if defendant had asked, he would have been given such an opportunity. The State has not shown that defendant was advised that there was going to be either a search or removal of the vehicle.

The search of the vehicle revealed an ice chest which the officers opened without the consent of the owner. They found in the chest beer and a plastic bag containing marijuana. This discovery led to the arrest of the van's occupants and a search of their persons revealed additional marijuana.

It is easily recognized that motor vehicles cannot be afforded the same treatment and protection under the Fourth Amendment as homes and other fixed structures. Indeed, the evolution of the law pertaining to searches and seizures, while recognizing that Fourth Amendment protection applies, has formed exceptions and distinctions which are limited in their application to motor vehicles alone. See *Carroll v. United States,* 267 *U. S.* 132, 45 *S. Ct.* 280, 69 *L. Ed.* 543, 39 *A. L. R.* 790 (1925), and *Am. Jur. 2nd, Searches and Seizures* (1 Ed.), § 18.

The various jurisdictions have been unable to agree as to whether taking an inventory of the contents of an impounded vehicle prior to its storage constitutes a "search" in the constitutional sense. It has been held by some courts that such a police inventory involves a substantial invasion into the privacy of the vehicle's owner and passengers and

therefore constitutes a "search" subject to the requirements of reasonableness as compelled by the Fourth Amendment. Other courts have adopted the position of law enforcement authorities that such an inventory is conducted not for the purpose of uncovering evidence or contraband, but for the benevolent purpose of safeguarding the contents of the vehicle for the protection of the owner of the property, and therefore does not constitute a "search" under the Fourth Amendment. See 48 *A. L. R. 3d* 548, *"Inventory Search of Impounded Vehicle,"* § 3(a), (b). The United States Supreme Court in *South Dakota v. Opperman,* 428 *U. S.* 364, 96 *S. Ct.* 3092, 3097, 49 *L. Ed.* 2d 1000 (1976), pointed out that state courts have overwhelmingly concluded that even if an inventory is characterized as a "search," the intrusion is constitutionally permissible if the "reasonableness" standard of the Fourth Amendment is satisfied. The court in *South Dakota,* 96 *S. Ct.* at 3100, concluded that the police had followed standard procedures "prevailing throughout the country and approved by the overwhelming majority of courts," and that their conduct was not unreasonable under the total circumstances presented. In that case the court pointed out that the owner "was not present to make other arrangements for the safekeeping of his belongings." 96 *S. Ct.* at 3098.

*South Dakota* is examined in *State v. Slockbower,* 145 *N. J. Super.* 480 (App. Div. 1976), and related to our Motor Vehicle Act *N. J. S. A.* 39:4–136, and the standard inventory procedure. Our Appellate Division in *Slockbower* considered whether we should impose more stringent standards when dealing with inventory searches than were established in *South Dakota,* but declined to do so.

The court in *Cady v. Dombrowski,* 413 *U. S.* 433, 93 *S. Ct.* 2523, 37 *L. Ed.* 2d 706 (1973), in sustaining the inventory search of the trunk of a vehicle disabled as a result of an accident, pointed out that local police officers "frequently investigate vehicle accidents in which there is no claim of criminal liability and engage in what, for want of a better term, may

be described as community caretaking functions, totally divorced from the detection, investigation, or acquisition of evidence relating to the violation of a criminal statute." 413 *U. S.* at 441, 93 *S. Ct.* at 2528. In *Cady* the operator of the vehicle was intoxicated and later comatose, and "could not make arrangements to have the vehicle towed and stored." 413 *U. S.* at 433, 93 *S. Ct.* at 2529.

 The police actions should be weighed step by step against the reasonableness standard of the Fourth Amendment. See the concurring opinion of Justice Powell in *South Dakota v. Opperman,* 97 *S. Ct.* beginning at 3100. A determination as to the reasonableness of an inventory search must begin with an evaluation of whether the custodial care of the vehicle by the police authorities is proper. The examination of the circumstances surrounding the initial taking into custody of the vehicle should be in terms of the reasonableness of the police action under all of the circumstances. It has been held that where the police could ascertain the wishes of the driver of the vehicle as to the disposal of the car and its contents but failed to do so, and where the driver protested the search, the inventory was improper. *Virgil v. Superior Court of Placer Cty.,* 268 *Cal. App.* 2d 127, 73 *Cal. Rptr.* 793 (D. Ct. App. 1968). It does not necessarily follow that merely because there may exist statutory authority for the impounding or removal of a vehicle, the authorities can unreasonably invoke such power and thus create the foundation for an inventory search. *N. J. S. A.* 39:4–136 might well be interpreted as giving police immediate power following any motor vehicle accident where the vehicle is disabled to have it removed.

██ The arbitrary invoking of such a statute should not be a license to inventory so as to unreasonably deprive the owner of an opportunity, if it exists, to remove his property or at least to be advised and consulted as to the action to be taken if circumstances permit. It should be pointed out that the police authorities need not take the wisest or best course in making a decision to safeguard such property to uphold an

inventory search—the test is one of reasonableness. If a reasonableness standard is applied as to the exercising of the police authority both in taking control of a vehicle as well as its contents, it will often avoid applying a subjective standard to determine the good faith of the police in impounding the vehicle and in conducting the inventory, and will usually obviate the need for determining whether the procedure was used as a subterfuge for a warrantless search. Such an approach is not intended to dispense with the essential requirement that for there to be a valid inventory search, the police must have acted in good faith and must not have used the procedure as a subterfuge. See 48 *A. L. R.* 3d 548, *"Inventory Search of Impounded Vehicle,"* § 4, *supra.*

There is no compelling reason to hold that in every case where a vehicle is reasonably and properly removed from a roadway or in police custody that an inventory search is automatically permissible and reasonable. It is apparent that in many instances where there is no crime involved or arrest required there would be no reason to do an inventory merely because the police authority to remove a vehicle is invoked. The owner may want to remove his property where he can do so easily; he may want to accompany the vehicle and its contents, or he may have other adequate means of safeguarding his property or absolving the authorities and the towing service of responsibility. The reasonableness of invading his privacy must be viewed in light of all of the circumstances.

█ The police authorities in the present case have not demonstrated that they acted reasonably in conducting an inventory where they failed to advise the owners that they considered such action necessary. The nature of the property in the van was such that it should have been apparent to the police that the owners were capable of determining whether they wanted to safeguard the few items of value in question themselves or preferred to have them left in the vehicle and inventoried. It is somewhat obvious here that merely inventorying the AM-FM TV combination which the officers saw and expressed concern about would do little to safeguard it

if it were left in the vehicle. The alleged inventory in question was unreasonable under all of the circumstances considering the availability of the owners and the failure of the authorities to advise or consult them before proceeding with what was not only a search of the vehicle but also a search of the contents found in it. *Cf. State v. Parker,* 153 *N. J. Super.* 481 (App. Div. 1977) Since there was no probable cause for such a search and it cannot be sustained as a proper inventory search because it has not been shown to be reasonable or necessary for the protection of the owner, the authorities or the towing service, the motion to suppress is granted.